UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

                          :

Carol Commissiong,                :

                          :

               Plaintiff,     :

                          :

          - against -      :

                          :

                          :

U.S. Department of Housing and Urban   :
Development, Jay Golden, Jo-Ann Frey, and   :
Tang-Chi Yeh                      :

                          :

             Defendants.  :

                          :

------------------------------------------------------X

19-CV-8390 (VSB)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/16/2021__

Appearances:

Carol Commissiong
New York, NY
*Pro Se Plaintiff*

Brandon Herbert Cowart
U.S. Attorney's Office, SDNY
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion of the United States Department of Housing and Urban

Development ("HUD"), Jay Golden, Jo-Ann Frey, and Tang-Chi Yeh (collectively,

"Defendants") to dismiss the Verified Petition of pro se Plaintiff Carol Commissiong pursuant to

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Because the United States has not

waived sovereign immunity and the Fair Housing Act does not create a private cause of action,

Plaintiff's Verified Petition must be and is hereby DISMISSED.

# I.   **Factual Background**[1]

On February 26, 2018, Plaintiff filed an administrative complaint with the Office of Fair

Housing and Equal Opportunity ("FHEO").  (Doc. 1-1, Pet. 1.)[2]  Plaintiff named as respondents

to the FHEO administrative complaint Island House Tenants Corp.; IH Preservation Partners,

LLC; David B. Hirschhorn, Vice President of Island House Tenants Corp. and Manager of IH

Preservation Partners LLC; Mark Greenberg Real Estate Co. LLC, and its employees Richelle

Neufville, Alicia Pais, Steven Greenbaum, Taj Jackson, Kim Clark, and Mark Zeltser ("FHEO

Complaint Respondents").  (*Id*. at 6.)  She alleged that the respondents refused to renew her

lease, overbilled and added excessive charges to her rent, turned off her utilities, and refused to

make repairs to her apartment, all in an effort to force her to vacate her apartment.  (*Id*. at 7–8.)

Plaintiff claimed that the FHEO Complaint Respondents took these actions based on her sex,

race and national origin, in violation of the Fair Housing Act.  (*Id*. at 8.)

FHEO staff from HUD's New York regional office, including Defendant Tang-Chi Yeh,

an Equal Opportunity Specialist, investigated the FHEO administrative complaint.  (*Id*. at 5, 100,

104–105.)  Defendant Jo-Ann Fry, Director of FHEO's New York regional office, requested

information from Commissiong concerning her complaint.  (*Id*. at 45.)  On May 17, 2019, FHEO

issued a decision finding no reasonable cause to believe that a discriminatory housing practice

had occurred.  (*Id*. at 4–5.)  Respondent Jay Golden, the Director of FHEO Region 2—

encompassing New York and New Jersey—signed the letter reporting HUD's no reasonable

cause determination, (*id*. at 4–5), and the underlying investigative report, (*id*. at 6–21).

---

[1] The facts set forth herein are taken from the allegations contained in the Petition.  (Doc. 1-1.)  I assume Plaintiff's allegations in the Verified Petition to be true for purposes of this motion.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Pet." refers to Plaintiff's Petition to the Supreme Court of the State of New York, filed August 5, 2019.  (Doc. 1-1.)

On August 5, 2019, Plaintiff filed her Verified Petition ("Petition") in New York state court, pursuant to Article 78 of the New York Civil Practice Laws and Rules, naming as respondents HUD and FHEO officials Golden, Frey, and Yeh.  (*Id*. at 1–2.)  In the Petition, Plaintiff challenges the FHEO finding of no reasonable cause.  According to Plaintiff, the FHEO Complaint Respondents bribed the HUD officials involved in the adjudication of her complaint, rendering the finding of no reasonable cause invalid.  (*Id*. at 2.)  In support of her bribery claim, Plaintiff alleges that HUD and FHEO officials Golden, Frey, and Yeh overlooked supposed overwhelming evidence of discrimination she provided, mishandled some of her documents, and borrowed verbatim language the FHEO Respondents used to rebut her complaints of discrimination.  (*Id*. at 2.)  Plaintiff seeks punitive damages, court costs and attorney's fees from HUD.  (*Id*.)

## II.   <u>Procedural History</u>

On August 5, 2019, Plaintiff commenced this action in New York state court.  (Pet. 1–2).  On September 10, 2019, HUD removed the Petition to this Court pursuant to 28 U.S.C. § 1442(a)(1).  (Doc. 1.)  On October 10, 2019, Plaintiff moved to remand the Petition, asserting that removal had been effected later than the 30 days provided for removal under 28 U.S.C. § 1446(b).  (Doc. 5, at 1–2.)  I denied Plaintiff's motion, finding that removal had been timely. (Doc. 8, at 3.)

Defendants filed the instant motion to dismiss on November 8, 2019.  (Doc. 9.)  I entered an order directing Plaintiff to either file an amended complaint or an opposition to Defendants' motion by December 30, 2019.  (Doc. 15.)  Plaintiff requested and received an extension until January 15, 2020.  (Docs. 16–17.)  Plaintiff failed to submit either an amended complaint or an opposition to Defendants' motion to dismiss by that date.  Accordingly, on June 18, 2020, I

directed Plaintiff to submit either an amended complaint or an opposition to Defendants' motion

to dismiss no later than August 3, 2020.  (Doc. 19.)  On August 7, 2020, Plaintiff submitted her

opposition to Defendants' motion to dismiss.  (Doc. 20.)  On August 28, 2020, Defendants filed

their reply.  (Doc. 23.)

III.   **Legal Standards**

A.   *Rule 12(b)(1)*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.

United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(b)(1).  "A plaintiff

asserting subject matter jurisdiction has the burden of proving by a preponderance of the

evidence that it exists." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)

(quoting *Makarova*, 201 F.3d at 113).  When evaluating a motion to dismiss for lack of subject

matter jurisdiction, the court accepts all material factual allegations in the complaint as true, but

does not draw inferences from the complaint favorable to the plaintiff.  *J.S. ex rel. N.S. v. Attica

Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).  The court may "resolve the disputed jurisdictional

fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Constr. Co. v.

Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

B.   *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* A complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a

plausible claim supported by more than conclusory factual allegations.  *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).  In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it."  *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

IV.    **Discussion**

Defendants argue that the action should be dismissed as (1) there has been no waiver of sovereign immunity nor federal subject matter jurisdiction permitting suit against HUD, and (2) review of HUD's findings under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, is not available because Plaintiff Commissiong cannot satisfy the APA's prerequisites for review. (Doc. 10, Defs.' Mem. 2.)[3]  Specifically, Defendants submit that the Fair Housing Act ("FHA" or "Act") does not provide a basis for a claim against HUD, because the Act (1) does not waive sovereign immunity and (2) only authorizes direct action against the alleged discriminators, but provides no cause of action against HUD.  (*Id*. at 7.)  Plaintiff's opposition memorandum does not refute Defendants' contention that the FHA does not provide a basis for her claims.  (*See* Doc. 20.)

Defendants further argue that, even if I were to construe Plaintiff's Petition as alleging a cause of action under the APA, Plaintiff's suit cannot stand.  (Defs.' Mem. 9.)  As an initial matter, Plaintiff is seeking monetary damages and the APA is "inapplicable when the relief sought is an award of monetary damages."  *United States v. Yonkers Bd. of Educ*., 594 F. Supp. 466, 469 (S.D.N.Y. 1984).  In addition, the APA provides that all agency actions are reviewable if they are "made reviewable by statute" or if there was a "final agency action for which there is

---

[3] "Defs.' Mem." refers to Defendants' memorandum in support of their motion to dismiss filed November 8, 2019. (Doc. 10.)

no other adequate remedy in a court."  5 U.S.C. § 704.  Defendants argue that Plaintiff's civil

rights action against the FHEO Complaint Respondents is an "adequate remedy in a court," *id.*,

thus precluding an APA action against HUD.  (Defs.' Mem. 9.)

### A.  *Applicable Law*

Under the doctrine of sovereign immunity, the United States is completely immune from

suit unless it consents to be sued.  *Hercules Inc. v. United States*, 516 U.S. 417, 422 (1996);

*United States v. Testan*, 424 U.S. 392, 399 (1976).  Sovereign immunity also bars claims brought

against federal agencies regarding their official functions.  *Yonkers Bd. of Educ.*, 594 F. Supp. at

468–69 (applying sovereign immunity doctrine to claims against HUD alleging breaches that

purportedly arose during the course of its administration of public housing programs).  The

Eleventh Amendment further extends sovereign immunity to actions against state officials sued

in their official capacities "where the relief granted would bind the state or where the state is the

real party in interest."  *Russell v. Dunston*, 896 F.2d 664, 667–68 (2d Cir. 1990), *cert. denied*,

498 U.S. 813 (1990); *McAllan v. Malatzky*, No. 97 CIV. 8291 (JGK), 1998 WL 24369, at *4

(S.D.N.Y. Jan. 22, 1998), *aff'd*, 173 F.3d 845 (2d Cir. 1999); *see, e.g.*, *Gollomp v. Spitzer*, 568

F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends

beyond the states themselves to state agents") (internal quotation marks omitted).

### B.  *Application*

Plaintiff only seeks damages against the individual defendants in their official capacities

as employees of HUD.  Plaintiff's claims against HUD and the individual FHEO employees are

thus barred "unless they fall within some applicable congressional waiver of the sovereign

immunity defense."  *Yonkers Bd. of Educ.*, 594 F. Supp. at 468–69.  Because there has been no

waiver of sovereign immunity, I do not have jurisdiction to hear Plaintiff's case against HUD

and the individual defendants.

Even if such a waiver existed, Plaintiff also cannot bring her claims under the FHA. Plaintiff seeks monetary damages from Defendants arising from their allegedly invalid adjudication of her FHEO administrative complaint.  (Pet. at 1–2.)  As courts in this Circuit have held, the FHA does not create a private right of action for such claims.  *Weisberg v. Leon*, No. 96 CIV. 2661 HB, 1999 WL 1216663, at *2 (S.D.N.Y. Dec. 20, 1999) (dismissing complaint seeking monetary relief from HUD based on the action they took in addressing a housing discrimination complaint), *aff'd sub nom. Weisberg v. U.S. Dep't of Hous. & Urban Dev*., 2 Fed. App'x 157 (2d Cir. 2001); *see Marinoff v. U.S. Dep't of Housing and Urban Dev.,* 892 F. Supp. 493, 496 (S.D.N.Y. 1995) (dismissing complaint against HUD for failure to properly investigate claim, because the FHA does not provide for a private right of action), *aff'd,* 78 F.3d 64 (2d Cir. 1996); *see also Pleune v. Pierce,* 697 F. Supp. 113, 119–20 (E.D.N.Y. 1988) (holding that no private right of action exists under the FHA to challenge HUD's grant approval).  Accordingly, I do not have statutory authority under the FHA to adjudicate Plaintiff's claim.

Nor does liberally construing the Petition as a request for judicial review under the APA provide an alternate basis for Plaintiff's suit.  "Because [42 U.S.C.] § 3613(a)(2) allows a complainant to proceed in federal court against the perpetrator of the discriminatory practice(s) even if HUD determines that no 'reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur,'" a plaintiff challenging a no-cause determination by HUD "has a reasonable alternative and therefore review under APA is not available."  *Marinoff*, 892 F. Supp. at 497 (quoting 42 U.S.C. § 3610(g)).  To the extent that Plaintiff alleges that HUD's no-cause determination of her FHEO administrative complaint was flawed, she has an adequate remedy available in federal court against the FHEO Respondents' alleged

discrimination.  As such, review of FHEO's decision is not available under the APA.

As I do not have jurisdiction to hear this case, and, in any event, Plaintiff's claim for relief fails as a matter of law, Defendants' motion to dismiss is GRANTED.  When a district court dismisses a complaint based upon a lack of subject matter jurisdiction, it "lacks the power to adjudicate the merits of the case."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016) (internal citations omitted).  Therefore, where a case is dismissed for lack of federal subject matter jurisdiction, as here, "Article III deprives federal courts of the power to dismiss [the] case with prejudice."  *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999).  As such, Plaintiff's complaint is DISMISSED without prejudice.

## V.   Conclusion

For the foregoing reasons, Plaintiff's complaint is hereby DISMISSED without prejudice. The Clerk of the Court is directed to enter judgment dismissing the complaint.

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated: February 16, 2021
       New York, New York

Vernon S. Broderick
United States District Judge